### STATE ex CRAWFORD v EMELY

Ohio Appeals, 2nd Dist, Montgomery Co

No 1060.  Decided Dec 31, 1931

Calvin Crawford, Dayton, Eugene Bacher, Dayton, and Edward Duncan, Dayton, for relator.

Frank W. Krehbiel, Dayton, for defendant.

BY THE COURT

We might be content to allow this original judgment to stand upon the hearing previously had by this court upon such motion, but as counsel for relator prefer to have such original judgment vacated and set aside because of the question that was presented as to such service of summons, we will comply with such request of counsel for relator, and the judgment heretofore rendered herein by this court on May 14, 1931, may be vacated, set aside and held for naught.

A second service of summons was made upon the defendant Emely. This service of summons was attacked by Emely on the ground that at the time of its service he was in actual attendance in court in the hearing of this proceeding.

No hearing has been had upon this motion, but as counsel for relator have in effect abandoned such service by having the defendant again served, this motion for the purpose of completing the record may be sustained.

No question is raised as to the regularity of the last service of summons made upon the defendant and the case was again recently heard and submitted to this court upon the pleadings, the evidence and the briefs of counsel.

We have read the evidence in this case with care and have also considered the briefs filed by counsel.

Was the defendant, John G. Emely, a resident of the state of Ohio at the time of his election as such justice of the peace in November of 1929?

Without attempting to quote in detail from the testimony, and this will be unnecessary as counsel are thoroughly familiar with the same, we find that the defendant admitted having voted in Kansas while in the Military Home at Leavenworth, Kansas in November of 1928.

He does not admit that he voted a general ticket for state and other officers outside of presidential officers, but contents himself with stating that he does not remember. It appears from the deposition on file that when he was admitted to the Military Home at Leavenworth he was required to make a sworn statement and such statement recited that he was a resident of Kansas City, County of Jackson and State of Missouri. The deposition further shows that Mr. Emely was discharged from the Military Home in Leavenworth on January 10, 1929, and applied for admission to the Military Home at Dayton on January 17th, 1929 and that such application was approved February 1, 1929. The record shows that he was absent from the state for about five years during which time he had resided in Kansas City, Missouri for several years and was in Texas for a time prior to admission to the Military Home in Leavenworth.

Upon a consideration of all the testimony we are of opinion that the record supports a finding that the defendant on the date of the election at which he was elected as a justice of the peace of Jefferson Township had not been a resident of the state of Ohio for one year or more prior thereto and was not an elector of said township when so elected to the said office and that the prayer of the petition of relator should be sustained. Decree accordingly.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.